| | |
|---|---|
| EL PASO COUNTY DISTRICT COURT, COLORADO<br><br>Address of Court:   270 S. Tejon<br>                   Colorado Springs, CO 80901<br>                   Phone: 719-452-5000<br>                   Fax: 719-452-5006 | DATE FILED: April 24, 2018 1:19 PM<br>FILING ID: 1B499EFFD7F23<br>CASE NUMBER: 2018CV30981 |
| **LA JOLLA PARK TOWNHOMES HOMEOWNERS ASSOCIATION**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**<br><br>**Defendant.** | ▲FOR COURT USE ONLY▲ |
| **ATTORNEY FOR PLAINTIFF:**<br>Jonathan E. Bukowski, Esq.<br>Colorado Bar No. 45614<br>MERLIN LAW GROUP, P.A.<br>1001 17th Street, Suite 1150<br>Denver, CO 80202<br>Phone: 720-665-9680<br>Fax: 720-665-9681<br>Email: jbukowski@merlinlawgroup.com | Case Number:<br><br>Div.:          Ctrm: |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW** LA JOLLA PARK TOWNHOMES HOMEOWNERS ASSOCIATION, by and through its undersigned counsel, and hereby submit this its Complaint against Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, and in support of its Complaint, allege and aver as follows:

**PARTIES**

1. Plaintiff, La Jolla Park Townhomes Homeowners Association ("Plaintiff" or "La Jolla") is a Colorado non-profit corporation with its principal office in Colorado Springs, Colorado.

2. Plaintiff is the duly organized homeowners association for the development known as La Jolla Park Townhomes.

3. Defendant, American Family Mutual Insurance Company ("Defendant" or "American Family"), is a foreign insurance company incorporated and domiciled in the state of Wisconsin and maintains its principal place of business in a state other than in Colorado.

## JURISDICTION AND VENUE

4. This Court has subject matter and personal jurisdiction over the parties to this cause of action.

5. A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

6. Jurisdiction is proper as to American Family pursuant to Colorado Revised Statutes § 13-1-124(1)(a), (b), and (d) because American Family conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within the State of Colorado.

7. Venue is proper pursuant to Col.R.Civ.P. 98 because it is the venue in which the cause of action accrued and where the insured property in question is located.

## FACTS COMMON TO ALL COUNTS

8. La Jolla is the owner of property that is comprised of twenty-nine locations (collectively the "Property"):

- 4210 Moonbeam Drive, Colorado Springs, CO 80916
- 4220 Moonbeam Drive, Colorado Springs, CO 80916
- 4230 Moonbeam Drive, Colorado Springs, CO 80916
- 4240 Moonbeam Drive, Colorado Springs, CO 80916

Exhibit A

- 3004 Starlight Circle, Colorado Springs, CO 80916
- 3013 Starlight Circle, Colorado Springs, CO 80916
- 3014 Starlight Circle, Colorado Springs, CO 80916
- 3023 Starlight Circle, Colorado Springs, CO 80916
- 3024 Starlight Circle, Colorado Springs, CO 80916
- 3033 Starlight Circle, Colorado Springs, CO 80916
- 3034 Starlight Circle, Colorado Springs, CO 80916
- 3044 Starlight Circle, Colorado Springs, CO 80916
- 3053 Starlight Circle, Colorado Springs, CO 80916
- 3063 Starlight Circle, Colorado Springs, CO 80916
- 3064 Starlight Circle, Colorado Springs, CO 80916
- 3073 Starlight Circle, Colorado Springs, CO 80916
- 3074 Starlight Circle, Colorado Springs, CO 80916
- 3083 Starlight Circle, Colorado Springs, CO 80916
- 3084 Starlight Circle, Colorado Springs, CO 80916
- 3123 Starlight Circle, Colorado Springs, CO 80916
- 3124 Starlight Circle, Colorado Springs, CO 80916
- 3133 Starlight Circle, Colorado Springs, CO 80916
- 3134 Starlight Circle, Colorado Springs, CO 80916
- 3143 Starlight Circle, Colorado Springs, CO 80916
- 3144 Starlight Circle, Colorado Springs, CO 80916
- 3153 Starlight Circle, Colorado Springs, CO 80916
- 3163 Starlight Circle, Colorado Springs, CO 80916
- 3173 Starlight Circle, Colorado Springs, CO 80916
- 3174 Starlight Circle, Colorado Springs, CO 80916

9. La Jolla purchased a Commercial Policy of insurance from American Family under Policy Number 05XR640901 (the "Policy"). A copy of the Policy has been attached hereto as **Exhibit "A."**

10. The Policy was issued with effective dates of August 1, 2015 through August 1, 2016.

11. The Policy is an all risk policy of insurance.

12. The Policy is a replacement cost value policy and covers loss to the Property.

13. The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

14. The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

15. The Policy does not include a cosmetic exclusion.

16. Under the Policy, American Family agreed to adjust all losses with La Jolla fairly and timely.

17. La Jolla paid the premiums due under the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy.

18. On or about July 7, 2016, during the Policy period, La Jolla suffered direct physical loss and/or damage at the Property resulting from hail and/or wind.

19. The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

20. La Jolla timely reported the covered loss to American Family, and made a claim for the direct physical loss and/or damage to the Property.

21. American Family assigned Claim Number 00-225-159939 to the Property loss.

22. American Family assigned its adjuster, Marilyn Miller, to investigate and adjust La Jolla's claim for direct physical loss and/or damage to the Property resulting from the hail and/or wind storm occurring on or about July 7, 2016.

23. La Jolla retained C3 Group, Inc. (hereinafter "C3 Group"), a Colorado state licensed public adjusting firm, to assist in the adjustment of its claim for direct physical loss and/or damage at the Property resulting from hail and/or wind.

24. American Family representative, Marilyn Miller, advised La Jolla that its claim for direct physical loss and/or damage was being adjusted by American Family pursuant to the "Best

Practices Guidelines" of American Family Insurance. A copy of Marilyn Miller's Correspondence is attached hereto as **Exhibit "B."**

25. On or about October 25, 2016, La Jolla's representative, C3 Group, requested that American Family provide La Jolla with a copy of American Family's "Best Practices Guidelines" being relied upon by American Family to adjust La Jolla's claim for direct physical loss and/or damage resulting from a hail and wind storm that occurred on or about July 7, 2017.

26. To date, American Family has failed to provide La Jolla with a copy of American Family's "Best Practices Guidelines" being relied upon by American Family to adjust La Jolla's claim for direct physical loss and/or damage resulting from a hail and wind storm that occurred on or about July 7, 2017.

27. On or about July 20, 2016, American Family provided La Jolla with its first damage estimate which outlined ONLY $28,284.00 in replacement cost value covered direct physical loss and damage resulting from a hail and wind storm that occurred on or about July 7, 2017.

28. American Family's First Estimate failed to provide for chimney flashing.

29. American Family's First Estimate failed to provide for necessary turtle vents.

30. American Family's First Estimate failed to include supervision.

31. American Family's First Estimate failed to include a telehandler.

32. American Family's First Estimate failed to provide for temporary toilets.

33. American Family's First Estimate failed to provide for general labor.

34. American Family's First Estimate improperly withheld general contractor overhead and profit.

35. On or about October 17, 2016, American Family provided La Jolla with its second damage estimate which outlined $172,629.23 in replacement cost value covered direct physical loss and damage resulting from a hail and wind storm that occurred on or about July 7, 2017.

36. American Family's Second Estimate failed to include supervision.

37. American Family's Second Estimate failed to include a telehandler.

38. American Family's Second Estimate failed to provide for temporary toilets.

39. American Family's Second Estimate failed to provide for general labor.

40. American Family's Second Estimate improperly withheld general contractor overhead and profit.

41. American Family's failure to include the damages outlined in its second estimate within its first estimate resulted in the delay and denial of payment of $144,345.23 in covered benefits without a reasonable basis.

42. On or about October 25, 2016, American Family representative, Marilyn Miller, for a second time, advised La Jolla that American Family paid La Jolla's claim per the "Best Practices Guidelines of American Family Insurance."

43. On or about November 21, 2016, La Jolla's representative, C3 Group, provided American Family with La Jolla's first damage estimate which outlined $593,020.41 in replacement cost value covered direct physical loss and/or damage resulting from a hail and wind storm that occurred on or about July 7, 2017. A copy of La Jolla's First Damage Estimate is attached hereto as **Exhibit "C."**

44. La Jolla's First Damage Estimate included a comprehensive line by line breakdown of direct physical loss and/or damage to the Property resulting from a hail and wind storm that occurred on or about July 7, 2017.

45. On or about December 12, 2016, American Family advised La Jolla that its claim for direct physical loss and/or damage to the Property had been reassigned to a new adjuster, Kenneth Null.

46. On or about March 16, 2017, American Family advised La Jolla that its claim for direct physical loss and/or damage to the Property, for a second time, had been reassigned to a new adjuster, Norman Schuler.

47. On or about March 27, 2017, La Jolla provided formal notice of demand for appraisal as provided for under the terms and conditions of the Policy.

48. On or about March 27, 2017, La Jolla identified its appraiser as John Robison.

49. On or about March 30, 2017, American Family advised La Jolla that its claim for direct physical loss and/or damage to the Property, for a third time, had been reassigned to a new adjuster, Sharon Larsen.

50. On or about April 27, 2017, American Family demanded La Jolla provide it with an executed proof of loss.

51. On or about May 23, 2017, La Jolla provided American Family with its executed proof of loss in the amount of $593,020.41. A copy of La Jolla's Proof of Loss has been attached hereto as **Exhibit "D."**

52. On or about May 26, 2017, American Family representative, Sharon Larsen, advised La Jolla that American Family was rejecting La Jolla's Proof of Loss.

53. On or about June 8, 2017, American Family provided La Jolla with its third damage estimate which outlined $404,551.49 in replacement cost value covered damages.

54. American Family's Third Estimate improperly withheld general contractor overhead and profit.

55. American Family's failure to include the damages outlined in its third estimate within its first and second estimates resulted in the delay and denial of payment of $231,922.26 in covered benefits without a reasonable basis.

56. La Jolla identified its appraiser as John Robison.

57. On or about June 22, 2017, American Family identified its appraiser as Jim O'Brien.

58. On or about January 4, 2018, the appraisers delivered an appraisal award in the amount of $610,662.92 in replacement cost value covered damages. A copy of the Appraisal Award has been attached hereto as **Exhibit "E."**

59. The appraisal award was signed by the following two individuals:

- American Family's Appraiser – Jim O'Brien
- La Jolla Appraiser – John Robison

60. The agreed upon appraisal award of $610,662.92 is approximately $206,111.43 higher than American Family's most recent estimate of direct physical loss and damage to the Property in the amount of $404,551.49.

61. The agreed upon appraisal award of $610,662.92 is over fifty percent (50%) higher than American Family's third damage estimate of direct physical loss and damage to the Property in the amount of $404,551.49.

62. American Family's failure to include the damages outlined in the umpire's appraisal award within its first, second, or third damage estimates, resulted in the delay and denial of payment of $206,111.43 in covered benefits without a reasonable basis.

63. La Jolla has fulfilled all duties required of it under the Policy after discovery of the loss.

64. La Jolla has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of American Family.

## FIRST CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

65. La Jolla realleges and reaffirms Paragraphs 1-64 as if fully set forth herein.

66. Under the Policy and Colorado law, American Family owes La Jolla the duty of good faith and fair dealing.

67. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

68. American Family sold La Jolla the Policy at issue, the intent of which was to provide coverage for loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

69. American Family knew that La Jolla purchased the Policy to protect its Property in the event of a loss.

70. American Family owed La Jolla the non-delegable duty to investigate its claim objectively and not look for ways to deny benefits or attempt to not pay the full amount owed.

71. American Family owed La Jolla the duty to give equal consideration to the financial interests of La Jolla, and not give greater consideration to its own financial interests while investigation and adjusting La Jolla's claim.

72. American Family failed to conduct a full, fair, and prompt investigation of La Jolla's claim direct physical loss and/or damage resulting from the hail and/or wind storm occurring on or about July 7, 2016.

73. American Family improperly disregarded the validity of La Jolla's claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about July 7, 2016.

74. American Family improperly ignored objective evidence of direct physical loss and damage resulting from the hail and/or wind storm occurring on or about July 7, 2016.

75. American Family failed to interpret its insurance policy reasonably.

76. American Family failed to resolve doubts concerning insurance coverage in favor of the policyholder.

77. American Family failed to treat La Jolla's interests with equal regard to its own.

78. American Family failed to objectively evaluate La Jolla's claim based on all available evidence, and not just evidence which American Family believed supported its position.

79. American Family knew that its decision to underpay benefits owed to La Jolla was intentional and not accidental.

80. American Family representatives, including Marilyn Miller, Kenneth Null, Norman Schuler, and Sharon Larsen, received income-based compensation to quickly close La Jolla's claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

81. American Family representatives, including Marilyn Miller, Kenneth Null, Norman Schuler, and Sharon Larsen, received income-based compensation to reduce claims payments made to La Jolla on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

82. American Family improperly set claims handling goals to reduce the amount paid on claims, including La Jolla's claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

83. American Family improperly delayed La Jolla's claim to reduce overall claims payments.

84. American Family improperly delayed La Jolla's claim to increase profits.

85. American Family improperly delayed La Jolla's claim to maintain its loss ratio.

86. American Family improperly delayed La Jolla's claim to meet department goals.

87. American Family improperly delayed La Jolla's claim by providing financial incentives to its personnel, including Marilyn Miller, Kenneth Null, Norman Schuler, and Sharon Larsen, to influence claims handling.

88. American Family improperly delayed La Jolla's claim to reduce the average amount paid on overall claims.

89. American Family's conduct in the handling of La Jolla's claim demonstrates that American Family was focused on benefiting itself to the detriment of La Jolla.

90. American Family has committed unfair settlement practices, including, but not limited to:
   (a) American Family has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;
   (b) American Family has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
   (c) American Family refused to pay claims without conducting a reasonable investigation based upon all available information;
   (d) American Family has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
   (e) American Family has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

 (f) American Family has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

 (g) American Family encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

91. American Family has committed such actions willfully and with such frequency as to indicate a general business practice.

92. As a direct and proximate result of American Family action, La Jolla has:

 (a) Incurred increased costs to repair, restore and/or replace the significant property damage that was caused by loss or damaged resulting from the July 7, 2016, hail and/or wind storm;

 (b) Suffered damages as a proximate result of the misconduct alleged; and

 (c) Suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory gees, and other losses.

**WHEREFORE**, Plaintiff, La Jolla Park Townhomes Homeowners Association, respectfully requests this Court enter judgment against Defendant, American Family Mutual Insurance Company, for damages resulting from its breach of its duty of good faith and fair dealing, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits
Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

93. La Jolla re-alleges and reaffirms Paragraphs 1-92 as though fully set forth herein.

94. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

95. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

96. La Jolla is a first-party claimant within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

97. La Jolla suffered a loss covered by the Policy and submitted a claim for that loss to American Family.

98. The claimed loss and damage submitted by La Jolla was covered by the Policy and La Jolla was owed covered benefits under the Policy.

99. American Family delayed payment of covered benefits without a reasonable basis for its actions.

100. American Family denied payment of covered benefits without a reasonable basis for its actions.

101. American Family has unreasonably delayed covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of La Jolla's Complaint.

102. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insured's loss.

103. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate without having documented a reasonable investigation based upon all information.

104. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by providing a damage estimate which did not include all covered damages.

105. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by ignoring objective evidence of direct physical loss and damage to the Property.

106. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by forcing La Jolla to retain its own professionals to help properly adjust the covered loss.

107. Despite receipt of La Jolla's comprehensive estimate, American Family delayed and denied payment of covered benefits without a reasonable basis for doing so.

108. American Family unreasonably delayed and denied La Jolla's claim to reduce overall claims payments.

109. American Family unreasonably delayed and denied La Jolla's claim to increase profits.

110. American Family unreasonably delayed and denied La Jolla's claim to maintain its loss ratio.

111. American Family unreasonably delayed and denied La Jolla's claim to meet department goals.

112. American Family unreasonably delayed and denied La Jolla's claim by providing financial incentives to its personnel, including Marilyn Miller, Kenneth Null, Norman Schuler, and Sharon Larsen, to determine claims handling.

113. American Family unreasonably delayed and denied La Jolla's claim by motivating its claims department to pay less on claims, such as La Jolla's claim for damages, than what is otherwise owed.

114. American Family unreasonably delayed and denied La Jolla's claim to reduce the average amount paid on overall claims.

115. American Family unreasonably delayed and denied La Jolla's claim by asserting coverage positions that it knew were without merit.

116. American Family delayed and denied payment of covered benefits without a reasonable basis for its action as evidenced by its failure to include within its first estimate approximately $144,345.23 in covered benefits that were included over three months later within its second estimate dated October 26, 2016.

117. American Family delayed and denied payment of covered benefits without a reasonable basis for its action as evidenced by its failure to include within its first or second estimates approximately $231,922.26 in covered benefits that were included over seven months later within its third estimate dated June 8, 2017.

118. American Family delayed and denied payment of covered benefits without a reasonable basis for its action as evidenced by an appraisal award approximately $206,111.43 larger than American Family's third estimate of direct physical loss and damage to the Property in the amount of $404,551.49.

119. American Family delayed and denied payment of covered benefits without a reasonable basis for its action as evidenced by an appraisal award approximately fifty percent (50%) higher than American Family's most recent third estimate of direct physical loss and damage to the Property in the amount of $404,551.49.

120. The actions of American Family were intended to dissuade La Jolla in pursuing benefits due and owing under the terms of the Policy.

121. Based upon the foregoing Paragraphs is therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, La Jolla Park Townhomes Homeowners Association, respectfully requests this Court enter judgment against Defendant, American Family Mutual Insurance Company, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

### REQUEST FOR JURY TRIAL

122.   La Jolla requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 24th day of April, 2018

/s/ Jonathan Bukowski
Jonathan E. Bukowski, Esq.
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone: 720-665-9680
Facsimile: 720-665-9681
E-Mail: jbukowski@merlinlawgroup.com